## 35687. COOPER v. THE STATE.

JORDAN, Justice.

This is an appeal from a judgment entered in a habeas corpus proceeding.

Appellant William Cooper, Jr., filed his petition for habeas corpus alleging that on November 23, 1962, he entered pleas of guilty to some 18 counts of burglary and larceny for which he received a sentence of not less than 6 years nor more than 8 years to be served in the penitentiary, all sentences to run concurrently; that at the time of the offenses alleged in the indictments he was a juvenile 15 years of age; that at the time of the indictments and his plea of guilty he at no time was ever represented by legal counsel nor did he receive the benefit of counsel in any form prior to or after his indictment and plea; that each indictment and sentence imposed upon him is absolutely void and constitutionally defective because blacks were systematically excluded from grand jury service at the time of said indictment; that he continues to sustain adverse collateral consequences as a result of said convictions and that said adverse collateral consequences will continue to handicap and plague him in the future if they are not removed; and that each judgment and sentence imposed upon him as a result of his plea of guilty is void, illegal and constitutionally defective for the reasons set forth in the petition.

After an evidentiary hearing, (which showed that petitioner had served his sentences) the trial court made findings of fact and the following conclusions of law:

"The Court finds that the petitioner was entitled to but the record did not show that the petitioner received the assistance and benefit of legal counsel at the time he entered pleas of guilty to the alleged offenses in the respective indictments attached to Petitioner's pleadings."

"The Court finds that existing case law supports the Petitioner's allegations of systematic exclusion of black persons from grand jury service in Muscogee County, Georgia at the time of the petitioner's indictment."

Based on these conclusions, the trial court ruled the misdemeanor indictments and convictions to be

"constitutionally invalid" and that all of the felony indictments "and the sentences contained therein are hereby declared null and void *as to any present day collateral consequences and only to that extent.*" (Emphasis supplied.)

Appellant on appeal objects to the language in the order underlined above, contending that once the convictions are held null and void there can be no limiting effect of the order; that otherwise the petitioner would be "in the absurd position of not being a convicted felon in the *future,* but a convicted felon in the *past.*"

We agree with the contentions of the appellant. It is hornbook law that a void judgment is a nullity, void ab initio. The trial court, after a hearing, agreed with petitioner's contentions that he failed to have the benefit and assistance of counsel to which he was entitled and that there was a systematic exclusion of black persons from the grand jury which indicted him.

The trial court then concluded that the convictions were "null and void." The trial court could not thereafter breathe life into that order by limiting its collateral consequences to the present and future and not to the past.

*Judgment reversed with direction that the limiting language be stricken from the judgment. All the Justices concur.*

Submitted December 7, 1979 — Decided January 8, 1980.

*Martin, Kilpatrick & Davidson, Frank K. Martin,* for appellant.

*William J. Smith, District Attorney, Doug Pullen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.